[Civ. No. 2624.  Second Appellate District, Division One.—February 5, 1919.]

## PEDRO PEREZ, Appellant, v. M. B. HARTMAN, Respondent.

NEGLIGENCE — AUTOMOBILE — COLLISION WITH MOTORCYCLE — USE OF STREETS—VIOLATION OF MOTOR VEHICLE ACT—CUTTING CORNERS.— Violation of the provisions of the Motor Vehicle Act regulating the manner in which vehicles shall approach street intersections with the intention of turning thereat constitutes negligence.

ID.—FINDING FOR DEFENDANT NOT SUPPORTED.—Where in an action for damages for personal injuries caused by defendant's automobile colliding with plaintiff's motorcycle the evidence showed that but for the defendant's violation of the provisions of the Motor Vehicle Act the accident, in the absence of contributory negligence by the

plaintiff, would not have occurred, and there was no evidence of contributory negligence by plaintiff, a finding that the defendant's negligence was not the proximate cause of plaintiff's injury was not supported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles H. Mattingly for Appellant.

Hutton, Jensen & Fogel for Respondent.

SHAW, J.—Action to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence in operating an automobile on Porter Avenue.

Judgment went for defendant, from which and an order denying plaintiff's motion for a new trial, plaintiff prosecutes this appeal.

In addition to denying defendant's alleged negligence the answer set up contributory negligence on the part of plaintiff, as to which, however, the court made no finding nor, indeed, was any finding made touching the issue of defendant's negligence.

The finding of the court which appellant attacks for want of sufficient evidence to support the same is that the collision between plaintiff's motorcycle and defendant's automobile occurred, not on Porter Avenue, but on Brand Boulevard approximately fifteen or twenty feet from its intersection with Porter Avenue, as a result of which plaintiff was seriously injured, but that said collision and the resulting injury to plaintiff was not due to any negligence on the part of defendant. In other words, the finding is to the effect that defendant's negligence, if established, was not the proximate cause of plaintiff's injury.

While the evidence touching the question is meager, it appears therefrom that Porter Avenue (hereinafter designated as the avenue), some forty-five feet in width, is intersected at a right angle by Brand Boulevard (hereinafter designated as the boulevard), which is one hundred feet in width. Immediately before the accident wherein the injury was sus-

tained plaintiff, operating a motorcycle, was traveling southerly on the right side of the avenue and defendant was driving his auto on the right side thereof, going northerly. The speed was such that if continued along said avenue they would have passed each other at about the center of the boulevard. When defendant reached a point in the avenue corresponding with the southerly line of the boulevard, into which he intended to turn, he, instead of crossing over beyond the center thereof and entering the same on the right side, turned sharply across the avenue and along a line corresponding with the southerly line of the boulevard. When defendant changed his course from the line in the avenue along which he was traveling, plaintiff, traveling at a speed of some fifteen or twenty miles, and at right angles to the line in which defendant was crossing the avenue, had reached a point in the boulevard. It thus clearly appears that if defendant had observed the provisions of the Motor Vehicle Act, which require that "All vehicles approaching an intersection of a street, road or highway with the intention of turning thereat, shall, in turning to the right, keep to the right of the center of such intersection, and in turning to the left shall run to and beyond the center of such intersection, passing to the right thereof, before turning such vehicle toward the left," he and plaintiff would have safely passed each other on the avenue at a point between the lines of the intersecting boulevard. Defendant's failure to comply with these provisions constituted negligence. The court, however, found that such negligence did not contribute to plaintiff's injuries, because, as found, the collision occurred at a point on the boulevard distant approximately fifteen to twenty feet from the curb line on the avenue. This finding is based upon defendant's testimony to the effect that as he crossed the avenue and reached the line of the boulevard, he saw a team driven southerly thereon approaching his line of travel from the north, and distant some thirty feet from the line on which he crossed, immediately behind which team he saw plaintiff, who, in crossing the boulevard intersection, seemed to be about to pass to the right of said team, at which time defendant's attention was attracted in the opposite direction; that when he had reached a point on the boulevard some twenty feet from the curb line of the avenue, he felt a shock

to his car caused by the impact and, looking toward the front thereof, saw that the left side lamp was broken and the motorcycle under the car, while plaintiff was found lying back of a lamp-post some five or ten feet back of the point where the collision occurred. There was other testimony to the effect that the motorcycle was struck by the auto while within the lines of the avenue and plaintiff thrown forward to the lamp-post where he was found. This evidence, however, was disregarded by the learned trial judge, who accepted as satisfactory the theory based upon defendant's testimony, that at a point five or ten feet from the lamp-post, plaintiff's motorcycle, which defendant did not see, collided with the left front lamp, breaking it, leaving the motorcycle under the car and plaintiff lying crosswise of the parkway between the curb line and sidewalk, behind a lamp-post opposite from the car, at a point which it seems he could not have reached except upon the theory that he was projected on the line of a curve. However, accepting the testimony at the value accorded it by the trial court, and assuming that the accident occurred on the boulevard some fifteen or twenty feet from the curb line of the avenue, it is, nevertheless, in our opinion, clear that, in the absence of contributory negligence on the part of plaintiff—and there is no evidence nor finding of such fact—the collision would not have occurred had defendant proceeded, as he should have done, along the right side of the avenue to a point beyond the center of the intersecting boulevard and then turned into it on the right side thereof. To us it seems immaterial that the collision occurred on the boulevard, if the wrongful act of defendant in crossing the avenue in front of plaintiff's line of travel forced him in the exercise of due care to swerve his cycle to the boulevard in an effort to escape the threatened injury. It was defendant's negligent act that created the dangerous situation to escape which plaintiff in the exercise of due care was forced from his line of travel on the avenue and causing him to collide with defendant's automobile. The findings complained of are not supported by the evidence.

The judgment and order are reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.